UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 18-cv-3355 (JNE/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Dennis Hanson, *et al.*, | |
| Defendants. | |

Braun filed suit on December 10, 2018. (ECF No. 1). The Court ordered that Braun pay an initial particle filing fee before his suit could proceed. (ECF No. 3). The Court also noted some deficiencies in Braun's complaint. (ECF No. 3, at 3–4 n.2). Braun then filed an amended complaint. (ECF No. 4). Again, the Court noted deficiencies in Braun's amended complaint, noting that little factual support was pleaded for his claims. (ECF No. 8). Braun was permitted an opportunity to correct these defects. (ECF No. 8, at 4).

Braun filed his second amended complaint on May 24, 2019. (ECF No. 9). Briefly, Braun asserts he initiated a hunger strike while in prison. (ECF No. 9, at 1). Braun asserts he was then moved to another cell and, in the process, his shoulder was dislocated, prison officials twice used chemical deterrents, he was pushed down a flight of stairs, bones in his wrist were broken causing ongoing nerve damage, a lumber disk herniated causing sciatica, his face was cut and bleeding, and restraints were used to purposefully cause pain. (ECF No. 9, at 2). Braun asserts he was denied healthcare services, he was

1

left in a cell with inadequate clothing, no water, no shower, and no legal materials. (ECF No. 9, at 1–2). Confusingly, Braun asserts prison health providers were not notified of his hunger strike and that he was denied food and water for four days. (ECF No. 9, at 2). Braun claims he was denied access to legal mail, legal counsel, and his therapist. (ECF No. 9, at 2–3). Braun claims that reports of the incident were falsified to cover up prison officials' use of force and attempts to kill Braun via starvation. (ECF No. 9, at 2). Braun requests placement in administrative segregation for his own protection, for criminal and civil charges to be filed against Defendants, and $1.5 million dollars. (ECF No. 9, at 3).

Defendants have moved to dismiss Braun's second amended complaint. (ECF No. 28). Braun has not yet responded to that motion, but instead has requested appointment of counsel. (ECF Nos. 33, 34).

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. Courts enjoy "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

After careful review, the Court concludes that appointment of counsel is not warranted and Braun's motion is therefore denied without prejudice. The factual and legal issues underlying this litigation are not complex; Braun's claims stem from one incident and the handling of that incident. While Braun notes the disparity between his *pro se* status and Defendants' representation, this is not sufficient for appointed civil counsel. *Pro se* parties navigate the court system daily. The Court simply cannot appoint a lawyer in every civil case filed by a *pro se* party. And while Braun notes the litigation may be a hardship on him given his borderline personality disorder, Braun has not shown any difficulties to date. Braun has complied with the Court's previous order regarding payment of fees and amendment of his complaint. As such, the Court concludes that appointment of counsel is not warranted at this time. Therefore, Braun's Motion to Request Appointment of Counsel for Professional Representation, (ECF No. 33), is **DENIED WITHOUT PREJUDICE**.

Finally, the Court must set a briefing schedule for Defendants' Motion to Dismiss. (ECF No. 28). The following schedule shall govern briefing in this matter:

1. Braun's response is due November 8, 2019;
2. Defendants' reply is due November 22, 2019;
3. Braun's surreply is due December 13, 2019; and
4. The matter will then be taken under advisement on the written submissions.

Date: October 11, 2019                     *s/ Steven E. Rau*
                                            Steven E. Rau
                                            United States Magistrate Judge
                                            District of Minnesota