## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Nathan Christopher Braun,                    Case No. 18-cv-3355 (JNE/ECW)

                    Plaintiff,

v.                                                        **ORDER**

Dennis Hanson, *et al.*,

                    Defendants.

This matter is before the Court on Plaintiff Nathan Christopher Braun's ("Braun" or "Plaintiff") Motion to Request Permission for Documents to be Filed under Seal (Dkt. 72); Motion to Compel (Dkt. 77); Motion to Appoint a Third-Party Medical and Mental Health Evaluator (Dkt. 80); and Motion to Compel Discovery Request (Dkt. 86.).[1]

### I.  MOTION TO REQUEST PERMISSION FOR DOCUMENTS TO BE FILED UNDER SEAL (DKT. 72)

Plaintiff seeks to file certain documents under seal for this Court's consideration as part of his present action that he claims show the illegal acts of Defendants.  (Dkt. 72.) Plaintiff fears that unsealing these documents will cause Defendants to retaliate against him.  (*Id.*)  The documents at issue appear to be communications or memorializations of communications with Defendant(s) and their legal counsel pertaining to his claims that he has been deprived of his legal materials.  (Dkts. 73, 73-1, 73-2, 73-3.)

---

[1]     Plaintiff's Motion to Compel (Dkt. 81), which seeks an order directing Defendants to comply with certain statutes and policies, will be addressed in a separate Report and Recommendation as it seeks injunctive relief.

These documents or the information therein have already been provided to Defendants by Plaintiff and this issue has already been raised in the present action, making any assertion that Plaintiff would be harmed if the information is made public unlikely.  Moreover, Court will not allow *ex parte* communications between the Court and one party related to this case, and the Court will not consider these submissions in making any decisions regarding Plaintiff's accusations unless they are also available to Defendants to defend themselves.  Regardless, the Court reminds Defendants and their counsel that unlawful retaliation against Plaintiff for bringing this action will not tolerated.

For these reasons, Plaintiff's motion to seal is denied.  Docket Entries 72, 73, 73-1, 73-2, and 73-3 shall be unsealed on November 3, 2020.

## II.   MOTION TO COMPEL (DKT. 77)

The present action relates to Plaintiff's claims under 42 U.S.C. § 1983 for Defendants' alleged violations of his Constitutional rights related to injuries he is alleged to have sustained as part of Defendants' actions against him as part of his "hunger strike." (*See* Dkt. 9.)

In his Motion to Compel (Dkt. 77), Plaintiff asserts that Defendants' legal counsel, Kevin Jonassen, has refused to provide answers to interrogatories (Dkt. 75), which Plaintiff alleges counsel is required to do given that he "is [a] party to this lawsuit."  (*Id.*) The discovery at issue is titled "Interrogatory to Opposing counsel in 20-cv-333; 20-cv-331; 20-cv-885; and 18-cv-3355 and Associated Appeals."  (Dkt. 75.)  The Interrogatories require "opposing counsel" to "give the answers herein commanded."

2

(*Id.*)  Defendants counter in part that legal counsel are not named defendants to this lawsuit.  (Dkt. 83 at 3.)  Indeed, counsel are not parties to this action.  (Dkt. 9.)

Rule 33 of the Federal Rules of Civil Procedure provides that a "party may serve **on any other party**" interrogatories and requires the party to which they are directed to answer.  *See* Fed. R. Civ. P. 33(b)(1)(A) (emphasis added).  While Rule 33 requires attorneys to sign as to any objections made, the party who answers them must sign as to those answers.  *See* Fed. R. Civ. P. 33(b)(5).  The plain text of Rule 33 makes it apparent that interrogatories must be directed to a party to provide facts relevant to the claims and defenses in the Second Amended Complaint.

Given that Plaintiff has represented that these interrogatories are meant for legal counsel and not any of the named Defendants, the interrogatories fall outside the scope of Rule 33 because they are not directed to a party.  Therefore, the Motion to Compel is denied.

### III.   <u>MOTION TO APPOINT A THIRD-PARTY MEDICAL AND MENTAL HEALTH EVALUATOR (DKT. 80)</u>

Plaintiff seeks an order from this Court appointing a third-party physical and mental health expert to properly diagnose the extent of the injuries that he allegedly suffered at the hands of Defendants as part of their alleged excessive force against him and the corresponding deliberate indifference to his medical needs.  (Dkt. 80 at 1.)  Plaintiff claims he is entitled to the appointment of experts because he is indigent and has been granted in forma pauperis ("IFP") status.  (*Id.*)

The statutory authorization for IFP status, 28 U.S.C. § 1915, does not authorize court-subsidized experts or, for that matter, payment by the court or an opposing party of any litigation expenses other than court fees. *See Vogel v. Turner*, No. 11-cv-0446 (PJS/JJG), 2013 WL 358874, at *11 (D. Minn. Jan. 8, 2013) (citations omitted), *R.&R. adopted*, 2013 WL 359072 (D. Minn. Jan. 30, 2013); *see also U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984) ("The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."). Indeed, district courts in the Eighth Circuit, including in this District, have "consistently held that indigent civil litigants are required to bear the costs of their own experts." *Vogel*, 2013 WL 358874, at *11 (citing *Reyna v. Weber*, No. Civ. 11-4044, 2012 WL 2999768, at *2 (D.S.D. June 29, 2012)); *Holloway v. Lott*, No. 4:08-cv-00821-GTE, 2009 WL 2778665, at *1 (E.D. Ark. Aug. 28, 2009) (citations omitted).

For these reasons, the Court denies Plaintiff's motion to have the Court appoint experts and for payment of their fees and costs to the extent that it is based on his IFP status.

## IV.   MOTION TO COMPEL DISCOVERY REQUEST (DKT. 86)

Plaintiff seeks an order from the Court compelling Defendants to produce all records, files, and materials related to his Affidavit of the Facts and the Merits ("Affidavit") (Dkt. 76). (Dkt. 86.) In the Affidavit, Plaintiff provides in relevant part as follows:

I Nathan Christopher Braun, the Plaintiff in the Case, do Solemnly pledge

4

that the following is true and accurate to the best of my own personal knowledge and understating pursuant to Title 28 USC § 1746(1), and would hereby request that Defendants produce all documentary and other record [sic] pertaining to the following affidavit pursuant to Fact Discovery . . . .

(Dkt. 76 at 1.)  The Affidavit then proceeds to provide almost ten single-spaced pages relating to what Plaintiff alleges the facts are, at least in part, as to the merits of his claims regarding events occurring on November 5 and 6, 2018, and an exhibit in the form of a Minnesota Department of Corrections directive regarding hunger strikes.  (Dkts. 76, 76-1.)

On August 21, 2020, counsel for Defendants responded to Plaintiff's Affidavit by letter informing him that to the extent his Affidavit was meant as a request for the production of documents, Defendants would not be responding because it did not comply with the Federal Rules of Civil Procedure.  (Dkt. 91 ¶ 2; Dkt 91-1.)  Defendants also represented that in order to resolve this issue, they produced on September 25, 2020 eleven incident reports and a supervisor's review of chemical irritant use from the alleged incident that occurred on November 6, 2018; staff training records; three videos related to the alleged incident that occurred on November 6, 2018; and six photos of Plaintiff following the alleged incident that occurred on November 6, 2018.  (Dkt. 91 ¶ 3; Dkt 91-2.)  There is no indication from Plaintiff that this production satisfies his request for documents as set forth in the Affidavit.

Defendants argue that the Motion to Compel Discovery Request should be denied because the discovery request does not comport with Rule 34 of the Federal Rules of Civil Procedure, as it fails to set forth each category of items sought with reasonable

particularity.  (Dkt. 90 at 2-3.)

Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced.  Fed. R. Civ. P. 34(b)(1)(A).  "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.'"  *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D. W. Va. 2010) (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000)).  Courts that have examined this issue have concluded that broad requests seeking facts that essentially encompass a complaint do not meet the particularity requirements of Rule 34:

> "All-encompassing demands" that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)."  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009).  For example, "[b]road and undirected requests for all documents which relate in any way to the complaint" do not meet Rule 34(b)(1)(A)'s standard.  *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992).  Similarly, "[a] request for 'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents."  *Sewell v. D'Alessandro & Woodyard, Inc.*, No. 2:07-CV-343-FTM-29, 2011 WL 843962, at *2 (M.D. Fla. Mar. 8, 2011); *see also S.E.C. v. Mazzo*, No. SACV121327DOCAN, 2013 WL 12172628, at *20 (C.D. Cal. Oct. 24, 2013) ("Boilerplate requests, like boilerplate objections, are not recognized and constitute an abuse of the discovery process.").

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-76 (N.D. Tex. 2018).

Here, Plaintiff effectively seeks any document related to the contents of his Affidavit.  The almost ten-page Affidavit essentially adds more detail regarding the facts underlying the Second Amended Complaint.  Such a broad all-encompassing request

does not meet the particularity requirements of Rule 34 as it does not set forth the category of documents sought, thereby requiring Defendants to guess as to what is responsive, as is evidenced by their attempt to resolve this issue with their production, which apparently is insufficient for Plaintiff.  As such, the Motion to Compel Discovery Request is denied.

### V.    ORDER

Based on the files, records, and proceedings herein,

**IT IS ORDERED THAT:**

1.      Plaintiff's Motion to Request Permission for Documents to be Filed under Seal (Dkt. 72) is **DENIED**.  Docket Entries 72, 73, 73-1, 73-2 and 73-3 shall be **UNSEALED** on **November 3, 2020**.

2.      Plaintiff's Motion to Compel (Dkt. 77) is **DENIED**.

3.      Plaintiff's Motion to Appoint a Third-Party Medical and Mental Health Evaluator (Dkt. 80) is **DENIED**.

4.      Plaintiff's Motion to Compel Discovery Request (Dkt. 86) is **DENIED**.


DATED: October 13, 2020                    *s/Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge