# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Nathan Christopher Braun,

          Plaintiff,

v.

Dennis Hanson, Justin DeMars,
Christopher Mitchell, Anthony Sunde,
Scott Eitel, Michael Gephart, Eric
Meemkin, Lisa Meyer, Benjamin Sutlief,
Steve Kriha, Carolyn Skrypek, Fergus
Gavin, and Kathy Halverson,

          Defendants.

Case No. 18-cv-3355 JNE/ECW

**ORDER**

---

This case is before the Court on a Report and Recommendation ("R&R") dated July 14, 2021 by the Honorable Elizabeth Cowan Wright, United States Magistrate Judge, on Defendants' Motion for Summary Judgment. Plaintiff is an inmate of the Minnesota Department of Corrections ("DOC") who brings this action against employees of the DOC under 42 U.S.C. § 1983. He claims that Defendants used excessive force when transferring Plaintiff to a different cell and were deliberately indifferent to Plaintiff's serious medical needs. The R&R recommended granting Defendants' Motion for Summary Judgment as to these claims. ECF No. 130. Plaintiff timely objected to the R&R, ECF No. 131, and Defendants responded, ECF No. 136.

The Court has reviewed the record—including video recordings of the incident—

and has considered Plaintiff's objections, as discussed briefly below.  Based on that review, the Court adopts the R&R and grants summary judgment in Defendants' favor.

## BACKGROUND

At the time of the events at issue, Plaintiff was incarcerated at Minnesota Correctional Facility – Faribault ("MCF-Faribault").[1]  ECF No. 130 at 4.  Plaintiff claims that on November 5, 2018,[2] he began a hunger strike, demanding that prison officials publicly admit to "unlawful acts they had been commit[t]ing."  ECF No. 9 ¶ A.  He alleges that in response, Defendants transferred him on November 6 to another cell, where they deprived him of his legal materials and the ability to shower.  *Id.* ¶ B.  Plaintiff claims that he was "completely compliant" with officers during the cell transfer, but that Defendants nonetheless:

> dislocated [Plaintiff's] shoulder, administered chemical deter[re]nt twice, pushed [Plaintiff] down a flight of stairs, broke bones in [Plaintiff's] wrist that has caused continued nerve damage, caused a dis[c] in the lumbar region of [Plaintiff's] spine to hern[i]ate causing sciatica, cut [Plaintiff's] face to the point of bleeding, then us[ed] restraints to purposefully cause physical pain.

*Id.* ¶ C.  He also claims that Defendants denied him health care services.  *Id.* ¶ D.

In contrast to Plaintiff's account, Defendants assert that on November 6, Plaintiff was transferred to a cell with restricted amenities because of an incident on the previous evening, in which Plaintiff threw a tray of food out of the book slot of his cell and yelled at a correctional officer.  ECF No. 105 at 3.  Defendants contend that Plaintiff resisted orders regarding the application of handcuffs to transport him from his cell, thus

---

[1] Plaintiff is presently incarcerated at Minnesota Correctional Facility – Oak Park Heights.  ECF No. 138 at 5.
[2] The operative complaint refers to events occurring on February 5, 2018.  ECF No. 9 ¶ A.  But Plaintiff's subsequent affidavits confirm that the events at issue occurred between November 5-8, 2018.  *E.g.*, ECF No. 132.

2

necessitating the use of chemical irritant, joint manipulation, and leg and waist restraints. *Id.* at 4-6.  Defendants maintain that Plaintiff was not pushed down the stairs as he describes, and that he was offered a medical assessment after the transfer.  *Id.* at 7-8.

Plaintiff's Second Amended Complaint sought relief against Defendants in their individual and official capacities.  ECF No. 9 at 3.  Plaintiff requested injunctive relief in the form of a trial and placement into administrative segregation to protect him from retaliation.  *Id.*  He also requested that criminal and civil charges be filed against Defendants.  *Id.*  Plaintiff also sought $1.5 million in monetary damages for Defendants' alleged "unlawful use of force, physical and emotional injury . . . , and violations of [Plaintiff's] constitutional rights."  *Id.*

Defendants moved to dismiss this case for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 29 at 3.  On March 27, 2020, this Court dismissed Plaintiff's claims for injunctive relief and for the initiation of criminal and civil charges, but declined to dismiss Plaintiff's claims against officers in their individual capacities for constitutional violations.  ECF No. 46 at 18-19; ECF No. 52.  Accordingly, Plaintiff's remaining claims allege that Defendants used excessive force while transferring him to a different cell on November 6, 2018,[3] and that Defendants were deliberately indifferent to Plaintiff's serious medical needs resulting from the force used in the transfer.  ECF No. 130 at 1.

The R&R dated July 14, 2021 recommended that the Court grant Defendants'

---

[3] The Report and Recommendation makes several references to events on and immediately following November 5, 2020.  *E.g.*, ECF No. 130 at 4.  Based on the citations supporting these references, the Court understands that they refer to the events of November 5-8, *2018*.

Motion for Summary Judgment on Plaintiff's remaining claims. *Id.* Plaintiff timely objected, ECF No. 131, and Defendants responded, ECF No. 136.

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." D. Minn. LR 72.2(b)(3). District courts have discretion over whether to consider additional evidence after a magistrate judge has issued an R&R. 28 U.S.C. § 636(b)(1); *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014). To avoid summary judgment, a plaintiff "'may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor,' without resort to 'speculation, conjecture, or fantasy.'" *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790-91 (8th Cir. 2009) (citations and internal quotation omitted).

## DISCUSSION

### I. Lack of counsel

Plaintiff complains that the Court did not appoint counsel to assist him with his case. ECF No. 131 at 1. This Court previously considered and denied Plaintiff's request for counsel in this case. ECF No. 36. Plaintiff's Response to Defendants' Motion for Summary Judgment restated his request for counsel, ECF No. 120, and Plaintiff's Objection to the R&R repeats arguments that the Court already addressed in deciding his original Motion to Appoint Counsel. Because Plaintiff is proceeding pro se, the Court construes Plaintiff's request liberally. But even upon reconsidering this request, the Court observes that Plaintiff has cited nothing to change the Court's previous analysis.

Plaintiff objects that his lack of counsel left him unable to produce evidence to

avoid summary judgment.  ECF No. 131 at 2.  But Plaintiff's lack of counsel does not relieve him of his burden to produce evidence.  *See Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987) ("Although Quam is entitled to the benefit of a liberal construction of his pleadings because of his pro se status, Federal Rule of Civil Procedure 56 remains applicable to Quam's lawsuit.").  The Court overrules this objection.

## II.    Contents of video recordings

Plaintiff objects that the R&R improperly "made an expert witness determination" about the contents of video recordings of the cell transfer and use of force.  ECF No. 131 at 2.  Plaintiff challenges the Court's view of events captured by the video recordings, [4] and argues that the Court instead should accept Plaintiff's account of those events.  But where a video recording directly contradicts the non-movant's account of disputed facts, the dispute as to those facts is not genuine, and therefore the court should not accept the non-movant's contradicted account.  *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, (2007) (taking facts as shown in videotape that "utterly discredited" non-moving party's account); *Wallingford v. Olson*, 592 F.3d 888, 892 (videotape "clearly contradict[ed]" non-movant's account) (8th Cir. 2010).

Here, the Magistrate Judge found that video footage of the incident contradicted Plaintiff's account.  For example, Plaintiff maintains that he was "completely compliant" during the transfer, ECF No. 9 ¶ C, suggesting that Defendants' efforts to restrain him

---

[4] Plaintiff did not dispute the contents of the videos in his Response to Defendants' Motion for Summary Judgment, ECF No. 120, or in his Objections to the R&R, ECF No. 131.  In an affidavit filed more than 14 days after the period for objections to the R&R had elapsed, *see* D. Minn. LR 72.2(b)(1), Plaintiff argues that the videos do not show the events in question and that Plaintiff never attempted to hit or otherwise assault prison staff.  ECF No. 137 at 3.  But the videos contradict these assertions.  ECF No. 111-3; ECF No. 111-4.

were unwarranted.  But videos show Plaintiff swinging at officers through the book slot of his cell, rather than merely slipping (as Plaintiff claims), while the officers attempted to cuff him in preparation for the transfer.  ECF No. 130 at 21.  Another video refutes Plaintiff's allegation that Defendants threw him down the stairs.  *Id.* at 23.  De novo review of the videos confirms these observations.  ECF No. 111-3; ECF No. 111-4.  Accordingly, the R&R properly concluded that there was no genuine dispute as to the events shown in the video recordings.  Therefore, the Court overrules this objection.

## III.   Absence of evidence of nerve damage

Plaintiff objects to the R&R's determination that no record evidence supports his allegations of nerve damage due to force used during the cell transfer.  ECF No. 131 at 2-3.  Plaintiff did not submit evidence that the incident in question caused nerve damage in his response to Defendants' Motion for Summary Judgment.  ECF Nos. 120-121.  However, Plaintiff explains in his Objection to the R&R that he had been prescribed Pamelor "due to nerve damage in [his] wrist and [his] back."  ECF No. 131.  To a subsequent affidavit, Plaintiff attaches medical records indicating that he had complained of possible nerve damage due to the November 2018 incident and had sought treatment for pain and numbness.  ECF No. 138-1 at 12.

The evidence does not negate the R&R's findings.  Although this Court may exercise its discretion to consider evidence submitted after a Magistrate Judge has issued an R&R, *Hayden*, 759 F.3d at 846, here, the evidence consists merely of documentation of Plaintiff's own complaints.  It therefore amounts to no more than "unsupported self-serving allegations," which cannot prevent summary judgment.  *See Reed*, 561 F.3d at

790.  Furthermore, the R&R correctly explained that the focus in an excessive force claim is not on the injury sustained but rather on whether force was used in good faith and in an appropriate amount.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Upon reviewing the record, including the video recordings, the Court agrees with the Magistrate Judge's determination that Defendants used an "appropriate level of force" to subdue Plaintiff.  ECF No. 130 at 25.  Therefore, Plaintiff's assertions of nerve damage allegedly resulting from the November 2018 incident do not produce a genuine issue of material fact that would preclude summary judgment in Defendants' favor.

## IV.  Difficulty of gathering evidence

Plaintiff objects to "the idea that [Plaintiff] should somehow photograph the scarring to [his] face."  ECF No. 131 at 3.  To defeat a motion for summary judgment, a party opposing the motion bears the burden of producing evidence that would establish a genuine issue of material fact.  *Davenport v. Univ. of Arkansas Bd. of Trustees*, 553 F.3d 1110, 1113 (8th Cir. 2009).  Plaintiff's difficulty in obtaining such evidence does not relieve him of the burden of doing so.  To the extent that Plaintiff alleges that Defendants' use of force scarred his face, he has not met his burden to produce evidence supporting that assertion.

Furthermore, such evidence would not diminish the appropriateness of summary judgment on Plaintiff's excessive force claim.  As noted above, an excessive force claim turns not on the injury sustained but rather on the appropriateness of the force used.  Since the Court agrees with the R&R's finding that the amount of force used was appropriate, ECF No. 130 at 25, the Court overrules this objection to the R&R.

## V.   Failure to follow a departmental policy

Plaintiff also objects that the R&R does not recognize Defendants' alleged failure to follow policies of the Minnesota Department of Corrections as a basis for liability. ECF No. 131 at 3-4.  But the R&R correctly observed that neither 42 U.S.C. § 1983 nor any other provision of federal law known to the Court renders state officials liable merely for violating a state's own corrections policy.  *See Braun v. Walz*, No. CV 20-333 (DSD/BRT), 2021 WL 268321, at *7 (D. Minn. Jan. 27, 2021), *R.&R. adopted*, 2021 WL 1171693 (D. Minn. Mar. 29, 2021).  The Court overrules this objection.

## VI.   Finding that Plaintiff refused a medical assessment

With respect to Plaintiff's claim of deliberate indifference to a serious medical need, Plaintiff objects to the R&R's finding that Plaintiff declined an opportunity to have a registered nurse assess him on November 7, 2018.  ECF No. 130 at 28.  Contrary to the declaration of Defendant Meyer, ECF No. 107 ¶ 7, Plaintiff argues that on November 7, he refused only medication—not a medical assessment.  ECF No. 132 at 1.  But despite seeing a nurse on that date, *id.*, the record does not indicate that Plaintiff requested or obviously needed such a medical assessment.

Even if a genuine dispute exists as to whether Plaintiff refused medical care, the fact of such refusal is not material, because other evidence adequately supports the R&R's conclusion that Defendants did not deliberately disregard any serious medical need.  Video immediately following the cell transfer shows that Health Services staff determined that Braun was breathing and talking, and therefore that he was not suffering from a serious medical need.  ECF No. 130 at 29; ECF No. 111-4 at 11:53-59.  The Court

accepts the R&R's determination that the marks and abrasions shown by photographic evidence do not amount to an "objectively serious medical need" capable of supporting a deliberate indifference claim.  ECF No. 130 at 29.  Plaintiff has not produced evidence supporting his claims of nerve damage, aside from medical records related to his complaints of persistent pain and his pain medication dosage.  ECF No. 135-1. Therefore, the Court concludes that Plaintiff's objections do not raise any genuine issue of material fact as to whether Defendants acted with deliberate indifference to a serious medical need.

## CONCLUSION

Based upon the Findings of Fact, Conclusions of Law, and Recommendation by United States Magistrate Judge Elizabeth Cowan Wright dated July 14, 2021, and upon a de novo review of the portions of the R&R to which Plaintiff has objected, the Court accepts the conclusions of the R&R.  Therefore, **IT IS HEREBY ORDERED** that:

1.   Defendants' Motion for Summary Judgment [ECF No. 104] is **GRANTED**.

2.   Plaintiff's Amended Complaint [ECF No. 9] is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:      August 26, 2021              _s/_ Joan N. Ericksen_____
                                          JOAN N. ERICKSEN
                                          United States District Judge

9